McGinnis *versus* Commonwealth *ex rel.* McGinnis.

| 74 | 245 |
| 20 SC | 299 |
| 74 | 245 |
| 204 | 157 |

1. Issues of fact, whether by way of traverse or feigned issue, when tried before a jury according to the course of the common law are subjects of writs of error.

2. The trial is conducted and bills of exception to evidence or the charge are as in other jury trials.

3. A writ of error lies to the rulings and charge of the court, on the trial of a traverse of the finding in proceedings in lunacy, &c.

4. The effect of the finding of the inquisition is primâ facie and on the trial of a traverse throws the burthen of disproof on the respondent.

5. The finding, although a traverse be put in, places the custody of the person and estate of the respondent in the hands of the court.

6. After a respondent has given evidence in answer to the inquisition, the relator may give evidence in rebuttal to establish the finding.

7. In proceedings to establish habitual drunkenness, it is sufficient to find that fact; the law establishes incapacity and the jury on a traverse need not determine the respondent's ability to transact business.

8. Leckey *v.* Cunningham, 6 P. F. Smith 373 ; Ludwick *v.* Commonwealth, 6 Harris 172 ; Rogers *v.* Walker, 6 Barr 371, followed.

October 10th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 9, to October and November Term 1873.

This was a proceeding to inquire into the habitual drunkenness of John McGinniss, commenced July 30th 1872, upon the petition of Eleanor McGinniss his wife. An inquest was awarded, which found the respondent an habitual drunkard. The inquisition was returned September 2d 1872, and September 3d the respondent traversed the finding. The traverse was tried November 18th 1872, before Stowe, J.

The relator, under objection and exception, gave in evidence the record of the inquisition with the finding, and rested.

The respondent then called and examined a number of witnesses, for the purpose of answering the finding of the inquest and showing that the respondent was capable of transacting business discreetly, and rested.

The relator, in rebuttal, called Frederick Flack, and in answer to an inquiry by respondent, said that it was proposed to prove by this and other witnesses that the respondent was an habitual drunkard at and before the inquisition found, and also facts rebutting defendant's evidence.

The offer was objected to by the respondent, admitted by the court and a bill of exception sealed.

The relator, by a number of witnesses, gave evidence tending to show that the respondent was an habitual drunkard.

Both parties having closed, the defendant, amongst other points, submitted the following, which were refused :—

1. Unless the jury find that the traverser, John McGinniss,

[McGinnis *v.* Commonwealth.]

was, at the time of the finding of the inquisition, *non compos mentis*, their verdict must be in his favor.

3. Before the jury can find the traverser, John McGinniss, an habitual drunkard, they must find that he was so under the control of an appetite for intoxicating liquors that it subjected him to its power frequently, regularly and irresistibly, so that he was more generally drunk than sober.

4. Before the jury can find the traverser, John McGinniss, a habitual drunkard, it must be shown to their satisfaction, not only that he was an habitual drunkard with occasional fits of drunkenness, but that his habitual drinking left him permanently and constantly under the influence of intoxicating liquors.

5. The court is asked to charge the jury that unless John McGinniss is first found to be of unsound mind and rendered incapable of attending to his own business, the Constitution, sect. 6th, Art. 5th, prohibits the finding him an habitual drunkard.

6. The court is asked to charge the jury that under the 1st section of the 9th Article of the Constitution of Pennsylvania, the jury are prohibited from finding McGinniss an habitual drunkard under the law, unless they first find him of unsound mind.

7. The court is asked to charge the jury that the court and jury have no power or authority over any person, under the Constitution, unless he is first found to be of unsound mind.

The court said further :—

* * *  " In short, the main object of the law, so far as a man's property is concerned, is upon the legal assumption of unfitness to attend to his estate from the fact of habitual drunkenness to interpose a committee and the Court of Common Pleas between him and his property, and to substitute their authority and discretion for his own in the management of his estate. It does not always follow that because a man is an habitual drunkard, he is therefore unfit to manage his property ; but experience proves that such is the ordinary effect of such a condition, and that generally drunkenness does destroy the intellectual faculties, and, if sufficiently continued, generally destroys life itself. And therefore the law says that if a man is found, in a case like this, to be an habitual drunkard, he shall not manage his estate, even though he, in the particular case, might appear to be perfectly competent to do so."

The verdict was for the Commonwealth.

The respondent sued out a writ of error, and assigned for error :—

4. Admitting in rebuttal the evidence of Flack and other witnesses.

5–10. The answers to his points.

11. The portion of the charge as above.

15. Admitting the inquisition.

When the case came on for hearing in the Supreme Court, the defendant in error moved to quash the writ of error.

[McGinnis v. Commonwealth.]

*J. R. Large*, for plaintiff in error.

*A. M. Brown* and *T. M. Marshall*, for defendant in error.—The proceeding being statutory, and there being no provision in the statute allowing a writ of error, we deny the right of the plaintiff in error to the writ in this case: Warden *v.* Eichbaum, 2 Harris 21; Baker *v.* Williamson, 2 Barr 116; John Gest's Case, 9 S. & R. 317; Lewis *v.* Wallick, 3 Id. 410; Ruhlman *v.* The Commonwealth, ·5 Binn. 24; Aurentz *v.* Porter, 12 Wright 335; Haggerty's Case, 4 Watts 305; Commonwealth *v.* Beaumont, 4 Rawle 366. The effect of the inquest is to shift the burden of proof to the party asserting capacity, instead of where it would otherwise lie, on the party alleging incapacity: Leckey *v.* Cunningham, 6 P. F. Smith 370; Hutchinson *v.* Sandt, 4 Rawle 234; Gangwere's Estate, 2 Harris 417; Rogers *v.* Walker, 6 Barr 371; Willis *v.* Willis, 2 Jones 159; Commonwealth *v.* Desilver, 2 Ash. 163. If a person be found by an inquest to be an habitual drunkard, it is not necessary for them to find that he is incapable of managing his estate; such incapacity is a conclusion of law: Ludwick *v.* Commonwealth, 6 Harris 172. The Act of 13th June 1836 (Pamph. L. 592, 2 Bright. Purd. 979), relating to lunatics and habitual drunkards, is precautionary in its design. The management or mismanagement of the drunkard's estate is not made a subject of inquiry; and the proceeding could be maintained against an individual who had no estate. The fixed habit of drunkenness being established, the law regards the drunkard as being unfit to manage his estate: Sill *v.* McKnight, 7 W. & S. 244; Ludwick *v.* The Commonwealth, *supra.*

The opinion of the court was delivered, January 5th 1874, by

AGNEW, J.—Issues of fact, whether by way of traverse or a feigned issue, when tried before a jury, according to the course of the common law, have always been deemed the subjects of a writ of error. The trial is conducted and bills of exception taken to the evidence or the charge as in other trials before a jury. Hence, when the legislature provided a writ of error in the case of feigned issues from the Orphans' Court, it declared that the writ should lie in the same manner as in cases where feigned issues are directed by a Court of Common Pleas: Act 10th April 1848, 1 Bright. Dig. 603, pl. 5. Issues of fact in cases of distribution were also made subject to a writ of error: 1 Bright. Dig. 656, pl. 107. To put an end to all doubt on the subject of feigned issues, the Act of 12th February 1869 (Pamph. L. 3) extended the writ of error to all cases of feigned issue where exceptions have been or shall be taken to the rulings or charge of the court: 1 Bright. Dig. 604, pl. 9. The traverse of the inquisition of lunacy or habitual drunkenness is, by the Act of 13th June 1836, § 12, assimilated to cases

of traverse upon untrue inquisitions of office found : 2 Bright. Dig.
982, pl. 15. Such traverses are common-law proceedings, and
among them is enumerated the inquisition of idiocy *a nativitate :*
3 Black. Com. 258. The traverse of the lunatic or habitual
drunkard, under .the Act of 1836, being of like nature, the writ
of error lies to the rulings or charge of the court; and the motion
to quash is therefore denied.

The fourth and fifteenth assignments of error raise the question
as to the mode of proceeding upon the trial of the traverse. The
Commonwealth gave in evidence the inquisition and finding of the
jury, that John McGinniss, the traverser, was an habitual drunk-
ard, which were objected to and received under exception, and
then rested. The traverser gave evidence to disprove the finding
of habitual drunkenness. The Commonwealth then offered to
rebut by evidence in support of the finding, to which it was
objected that such evidence was in chief, and ought to have been
given before the traverser began his evidence. But the mode of
proceeding was clearly right. The finding of the inquisition stands
until it is set aside or disproved, and it may be unnecessary for
the Commonwealth to give any evidence. This effect of the finding
is primâ facie, according to many decisions, throwing the burden
of disproof on the lunatic or habitual drunkard : Hutchinson *v.*
Sandt, 4 Rawle 234 ; Willis *v.* Willis, 2 Jones 159 ; Gangwere's
Estate, 2 Harris 417 ; Klohs *v.* Klohs, 11 P. F. Smith 245. In
Ludwick *v.* Commonwealth, 6 Harris 175, Justice Rogers said of
the finding by the inquest : " His incapacity in that event is a con-
clusion of law ; it is not necessary to say it is *presumptio juris
de jure*, but at least it throws the burden of capacity on the tra-
verser." The case of Rogers *v.* Walker, 6 Barr 371, really decides
the point before us, for there it was contended that after the
defendant's proofs were given in rebuttal, the finding was to be
laid out of the case ; but Gibson, C. J., denied this, saying that,
" like legal presumption, an inquisition continues to operate till
overpowered; and, standing as full proof till then, it necessarily
remains before the jury till the question of sanity has been decided
by them. It consequently stands as a particular in the proofs."
See also the remarks of Thompson, C. J., in Leckey *v.* Cunning-
ham, 6 P. F. Smith 373. The effect of the finding, even when a tra-
verse is put in, is to place the care and custody of the estate of the
lunatic or habitual drunkard into the hands of the court: Sect. 13,
Act 13th June 1836, 2 Bright. Dig. 982, pl. 16. Indeed, even
before the return of the inquisition, but after a finding of lunacy,
it has been held that a receiver may be appointed: Kenton's Case,
5 Binn. 613. It follows, therefore, that the Commonwealth might,
in the first instance, rely on the finding, and afterwards, in answer
to the evidence of the traverser, had the right to go into full
proof of his habitual drunkenness. According to Sir William

[McGinnis v. Commonwealth.]

Blackstone, the traverser in the case of an inquisition of office found, must be considered the plaintiff, and must therefore make out his own title, as well as impeach that of the crown : 3 Com. 260.

It is unnecessary to say anything as to other assignments of error, except that under the Act of 13th June 1836, it is sufficient to find the person an habitual drunkard. The legal consequences flow from that fact, and not from any supposed or actual capacity of the habitual drunkard to manage his business well. When the habit of drunkenness is found, the law itself establishes the incapacity. It is, therefore, not the province of the jury, upon a traverse of the inquisition, to determine the extent of the traverser's ability to transact his business. They decide only the habit of drunkenness : Ludwick v. The Commonwealth, 6 Harris 173 ; Sill v. McKnight, 7 W. & S. 244.

Judgment affirmed.