# Commonwealth ex rel. *v.* Harrold, Appellant.

*Lunacy—Appeals—Certiorari.*

There is no provision for bringing the evidence taken upon an inquisition of lunacy upon the record, by bill of exception or otherwise, and therefore no power of review on the merits either in the common pleas or in the appellate court. The party aggrieved by the finding of the inquisition must pursue his remedy in the statutory way, by traverse.

While proceedings on the inquisition may be reviewed as upon certiorari, the appellate court will not after traverse and trial upon the merits, look further into the inquisition than is necessary to see that it is clear of substantial irregularities, or defect of jurisdiction.

The question of the lunatic's residence cannot be considered by the appellate court, where it appears that this question has been passed upon both by the inquisition and by the traverse jury.

*Lunacy—Inquisition—Traverse—Evidence.*

On a trial of the traverse of an inquisition in lunacy, the inquisition and finding of the sheriff's jury is competent as prima facie evidence to make a formal completion of the plaintiff's case.

*Jury—Misconduct—New trial—Lunacy.*

The Supreme Court will not reverse a judgment on a verdict on the ground of misconduct of the jury, where it appears that in the court below on a motion for a new trial the charge of misconduct was made in an ex parte affidavit made by one of the parties in interest, upon information and belief, and without disclosing the source of knowledge, and that the court below had taken the matter into consideration, and after several weeks' deliberation refused a new trial.

Argued Oct. 14, 1902. Appeal, No. 55, Oct. T., 1902, by Sarah A. Harrold et. al., from order of C. P. Westmoreland County, Nov. T., 1900, No. 488, dismissing exceptions to the inquisition of lunacy, and refusing a new trial on the traverse of the inquisition, in case of Commonwealth ex rel. Jane E. Cope v. Sarah A. Harrold. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Traverse of inquisition of lunacy.

From the record it appeared that the following exceptions were filed to the inquisition :

That the said finding is not in accordance with the testimony and the law governing the same; that there is no testimony

in the case to prove the defendant to be of unsound mind; that at most the testimony adduced and attached to the finding aforesaid was only proof that the defendant above named was entitled to the appointment of a guardian under the provisions of the Act of June 25, 1895, P. L. 300; that the jury of inquest determined their verdict in this case upon the prejudice created in its mind by the address of the counsel for plaintiff, relative to the conduct of Charles Brinker, attorney in fact for defendant, who was tried, convicted and sentenced to the penitentiary, rather than by the testimony governing the questions in issue as to the sanity or insanity of the defendant above named:

That the said court has no jurisdiction in above case for the reason that the domicile of the defendant, at the time when the petition for a commission was presented, was in the city of Allegheny, county of Allegheny and state aforesaid.

These exceptions were overruled. [1, 2]

At the trial of the traverse the following offer was made:

Counsel for the commonwealth and the relator offer in evidence the inquisition and finding of the sheriff's jury which was presented in open court on December 19, 1900. The said inquisition was taken before M. N. McGeary, Esq., as a commissioner, and a jury selected in accordance with law, consisting of J. B. McQuaide, S. P. Miller, J. A. Monroe, S. B. Sheibler, David Walton and David Maxwell, on November 20, 1900, at 10 o'clock A. M., and adjourned until Wednesday, November 21, 1900, at 1.30 P. M.

In this connection, counsel also offer the original petition and the affidavit of defense and all papers connected with the inquisition and attached to this finding.

The record shows that the inquisition contained on its back the following order: And now, December 19, 1900, the within report filed in open court and confirmed nisi, unless a traverse be filed under the provisions of the act of assembly within the time therein stated.

Counsel for the commonwealth also offer in evidence the decree of confirmation filed by the court on June 29, 1901, as follows :

And now, June 29, 1901, after due consideration, the exceptions to the inquisition are dismissed and the report is con-

firmed absolutely, unless within thirty days from this date a traverse of said inquisition be duly filed by some person having the right to do so.

The purpose of this offer is to complete the case of the commonwealth and relator under the said record by offering the proceedings of the sheriff's jury and the finding thereof as the case of the commonwealth and relator in this trial under the traverse.

The objection thereto being:

Counsel for defendant object to the offer as incompetent and irrelevant for the reasons: (1) That the finding of the inquest is not supported by the testimony taken before the commissioner and returned as part of the record; (2) for the reason that if the finding be a good one, nothing is admitted in evidence except the mere fact that the jury has found the defendant to be a lunatic.

The ruling of the court thereon being:

The Court: The record of the inquisition is admissible for that purpose only. We admit the record of the inquisition for the purpose of showing the fact of lunacy; it is prima facie for that purpose but not for other purposes.

Verdict and judgment for the commonwealth. Defendant appealed.

*Errors assigned* were (1, 2) in dismissing exceptions to inquisition; (3) rulings on evidence, quoting the bill of exceptions; (4) refusal of motion for new trial on the grounds of alleged misconduct of jury, referred to in the opinion of the Supreme Court.

*W. A. Griffith*, with him *V. E. Williams* and *A. M. Sloan*, for appellants.

*John F. Wentling, Sr.*, with him *John F. Wentling, Jr.*, and *Edward B. McCormick*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1902:

It was held in In re Weaver, 116 Pa. 225, that there is no provision for bringing the evidence taken upon an inquisition of lunacy upon the record, by bill of exception or otherwise,

and therefore no power of review on the merits, either in the common pleas or in this court. The party aggrieved by the finding of the inquisition must pursue his remedy in the statutory way, by traverse. That was done in the present case, but the assignments of error, with one exception, are to matters occurring at the inquisition. It is quite true that on the principles of Ex parte Gest, 9 S. & R. 317, and Com. v. Beaumont, 4 Rawle, 366, the proceedings on the inquisition may be reviewed as upon certiorari, yet it is equally clear that this court would not after traverse and trial upon the merits, look further into the inquisition than is necessary to see that it is clear of substantial irregularities or defect of jurisdiction.

The first and second assignments of error, to the jurisdiction of the court below, on the ground that the lunatic was not a resident of Westmoreland county, and that the evidence was not sufficient to make out a case of lunacy, fall within the ruling in the Weaver case. The evidence is not before us. But even if it were, the finding having been traversed, the issue went before the traverse jury de novo and the present judgment rests upon their verdict. The evidence upon which it was founded has not been brought up.

The third assignment of error is to the admission of the inquisition and finding of the sheriff's jury on the trial of the traverse. It was admitted as prima facie evidence only to make a formal completion of the commonwealth's case, and was competent for that purpose : McGinnis v. Com., 74 Pa. 245.

The last assignment of error is to the refusal of the court to grant a new trial for alleged misconduct of the jury. It was charged that the jury after being out a day and night, and after taking many ballots in most of which they were nearly equally divided, came to an agreement that if ten voted either way on the next ballot, the other two would join and thus reach a unanimous verdict, and that this was accordingly done. The charge was made in an ex parte affidavit by one of the traversers, upon information and belief, without disclosing the source of his knowledge.

The court below took the matter into consideration, and after several weeks' deliberation, refused a new trial. We must assume that it found the affidavit unsupported by the evidence, or the facts exaggerated. How far jurymen may change their

votes in deference to the views or arguments of their fellows, or even pledge themselves to acquiescence in results under certain circumstances, is not susceptible of exact definition. That twelve unlearned men should not always pursue logical methods in argument or in reaching conclusions, is to be expected. So far as appears that is all that was done in this case, and it belongs to a class that can be far better handled by the judge of first instance than by any court of appeal. There is nothing at all to indicate that the discretion of the court in this case was not wisely, as well as legally exercised.

Judgment affirmed at the costs of the traversers.