# Bullitt's Appeal.

*Lunacy—Commission in lunacy—Finding of sanity—Dismissal of proceedings—Act of June 10, 1897, P. L. 138—Traverse of finding.*

1. Where in proceedings de lunatico inquirendo the finding of the inquest is in favor of the respondent's sanity, the petitioners for the commission cannot file exceptions to the testimony for the purpose of having the proceedings dismissed, but must either traverse the finding and go before a jury in the Common Pleas, or permit the return of the commission to become absolutely confirmed.

2. The Act of June 10, 1897, P. L. 138, which provides that "All testimony hereafter taken before sheriff's juries in inquisitions of lunacy shall be taken and filed by the commissioners as part of their reports; and the courts of this Commonwealth, issuing said commissions, shall examine the said testimony attached to the commissioners' reports whenever exceptions thereto have been filed, and dismiss all the proceedings thereunder whenever sufficient exceptions thereto are sustained," was intended to enable the Court of Common Pleas to determine, upon a review of the testimony before the inquisition, whether there was evidence to sustain a finding of lunacy; and not to give to the petitioner for a commission the right to file exceptions for the purpose of enabling him to quash his own proceedings, where the finding is against lunacy. In the latter case proceedings come to an end automatically, unless the finding is traversed by the petitioner for the commission.

Argued February 10, 1913. Appeal, No. 92, Jan. T., 1912, by John Christian Bullitt, Jr., from the order of C. P. Delaware Co., March T., 1910, No. 353, sustaining exceptions to inquisition in lunacy in the matter of John Christian Bullitt, Jr., an alleged lunatic. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to inquisition. Before JOHNSON, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was, among others, the quashing and dismissing of all the proceedings.

*William I. Schaffer,* for appellant.—At common law and under the Statute of 2 & 3 Edward VI, in proceedings de lunatico inquirendo, the method of attacking the finding of the inquisition where it was against the sanity of the respondent was by traverse or petition, but the remedy by petition, as the concurrent remedy by traverse, could be utilized only by the lunatic for the purpose of upsetting a finding adverse to his mental soundness: In re Heli, 3 Atkyns 634; Ex parte Roberts, 3 Atkyns 5; In re Cummieng, 1 DeG. Mac. & G. 537.

Prior to the Act of June 10, 1897, P. L. 138, the Court of Common Pleas did not even have the power to set aside an inquisition finding the fact of lunacy upon the ground that the evidence was insufficient to sustain the finding: In re Weaver, 116 Pa. 225.

The Act of 1897 was passed for the purpose of annulling the effect of In re Weaver, but was not designed to give to the Courts of Common Pleas more power than they possessed under the English cases: In re Heff, 22 Pa. C. C. R. 289; Miller's Alleged Lunacy, 27 Pa. C. C. R. 49; Huidekoper's Case, 28 Pa. C. C. R. 394.

In an application to have a person adjudged of unsound mind, where the finding is that the person is not of unsound mind, the proceeding is at an end and no

appeal from such determination is contemplated or can be allowed: Studebaker v. Markley, 7 Ind. App. 368, 34 N. E. Repr. 606.

*V. Gilpin Robinson,* for appellee.—The intent of the Act of June 10, 1897, P. L. 138, was to give to the persons who would have the right to traverse the finding of an inquisition, the right to have the proceedings before the inquisition reviewed by the court, so that neither party to the proceeding should be prejudiced by an improper finding: In re Heff, 22 Pa. C. C. R. 289; Miller's Alleged Lunacy, 27 Pa. C. C. R. 49; Commonwealth v. Pitcairn, 204 Pa. 514.

OPINION BY MR. JUSTICE BROWN, October 13, 1913:

In 1910 proceedings were instituted in the court below by a brother and two sisters of John C. Bullitt, Jr., to inquire into his lunacy. The inquest found that he was not a lunatic. Upon return of the inquisition exceptions were filed by the appellees to the admission and rejection of evidence at the hearing before the commissioner. These exceptions were filed under the provisions of the Act of June 10, 1897, P. L. 138, which are as follows: "All testimony hereafter taken before sheriff's juries in inquisitions of lunacy shall be taken and filed by the commissioners as part of their reports; and the courts of this Commonwealth, issuing said commissions, shall examine the said testimony attached to the commissioner's reports whenever exceptions thereto have been filed, and dismiss all the proceedings thereunder whenever sufficient exceptions thereto are sustained." The court sustained a number of the exceptions filed under this act, together with two to alleged improper remarks of counsel for the respondent during the taking of testimony before the inquest. In sustaining the exceptions, the court quashed the inquisition and dismissed all the proceedings. The appellees are not complaining of this, but their brother is, for the decree from

which he has appealed deprives him of all benefit of the finding that he is not of unsound mind.

Prior to the passage of the Act of 1897 there was no provision for bringing upon the record, by bill of exception or otherwise, the evidence taken upon an inquisition of lunacy, and the court issuing the commission was, therefore, powerless to set aside an inquisition finding the fact of lunacy upon the ground that the evidence was insufficient to sustain the finding: In re Weaver, 116 Pa. 225; Commonwealth v. Harrold, 204 Pa. 154. There has, however, always resided in the court issuing a commission in lunacy a power of supervision over the proceedings before the inquest, in the exercise of which an inquisition may be set aside, if necessary. This power may be exercised upon objection to the regularity or validity of the proceedings, such as the appointment of improper persons as commissioners or jurors upon the inquest; or for misbehavior in office by these functionaries; or if the formalities required by law have been disregarded; or if the alleged lunatic is not within the jurisdiction of the court: In re Weaver, supra. The Act of 1897 was not needed to confer this power, and was passed for a manifestly different purpose. That purpose is to bring before the court for its review all the testimony taken before the commissioner and the sheriff's jury, and, if exceptions filed thereto be sustained by the court, all proceedings under the commission are to be dismissed. But for the Act of 1897, the only remedy of a respondent in lunacy proceedings for relief from an inquisition finding his lunacy without evidence to support the charge would continue to be a traverse by the alleged lunatic and a trial in the Common Pleas. This was a great and manifest hardship to one found to be a lunatic by a sheriff's jury on evidence which the court, upon the trial of a traverse, would be compelled to declare insufficient to support the allegation of lunacy. All this has been remedied by the Act of 1897, and one now found to be a lunatic, without

evidence to support the charge of lunacy, in a proceeding before a commissioner, can be relieved from the imputation against him without the delay, annoyance and expense incident to a traverse. By that act the testimony taken before the inquest comes before the court upon the return of the commissioner, and a review of it, which was impossible before the passage of the act, is now mandatory upon the court, if exceptions be filed to it. This, as just stated, gives to one found to be a lunatic without evidence to support the finding against him an opportunity to have the proceeding dismissed, if, upon exceptions to the testimony, the court is satisfied, from a review of it, that the respondent should no longer rest under an unsupported charge of lunacy.

While the foregoing is true of the Act of 1897, so far as an alleged lunatic or one aggrieved by a finding of lunacy is concerned, the right of the petitioners for the commission to file exceptions to the testimony, after their failure to support their allegation of lunacy and a finding against them, is challenged by the appellant. When a finding by an inquest is in favor of sanity, why should a petitioner for the commission be permitted to file exceptions to the testimony for the purpose of having his own proceedings dismissed? If exceptions be filed under the Act of 1897, as they were filed in the case now before us, and are sustained, the court shall "dismiss all the proceedings"; and this is what the court below did. Its decree is, "the said inquisition and all proceedings herein are quashed and dismissed." Learned counsel for appellees concede that this has driven them out of court; but it does more, to the palpable wrong of the appellant. Dragged into the court on the charge of lunacy, the inquest found that he was sane, but by the court's decree that finding is swept away. He was entitled to the benefit of it, and if the appellees were dissatisfied with it and felt aggrieved by it, the statute permitted them to traverse the finding and go before a jury in the Common Pleas with their charge

of lunacy.   This course they chose not to pursue, but, asserting a right to file exceptions under the Act of 1897, they seek to have their own proceedings dismissed. If they did not care to further prosecute them, they could have permitted the return of the commission to be absolutely confirmed.   Instead of this, after their unsuccessful contest before the inquest, they, in effect, asked that the proceedings be set aside.   We are clear that the Act of 1897 was not intended for any such purpose, but solely to enable a Court of Common Pleas to determine, upon a review of the testimony before the inquest, whether there was evidence to sustain a finding of lunacy.   When the finding is against lunacy, the proceedings come to an end automatically, unless the finding is traversed by the petitioner for the commission. The legislature might have expressly given a right to a petitioner to file exceptions for the purpose of enabling him to have his own proceedings dismissed after findings adverse to him, but such right is not found in the Act of 1897, and it is not to be presumed by implication that the legislature intended that a petitioner for a commission in lunacy should play fast and loose with his proceedings, to the palpable wrong of the respondent, declared by an inquest to be of sound mind.

The exceptions to the alleged improper remark of counsel were sustained on account of "the failure of the commissioner to correct it, when called upon to do so." It is sufficient to say that it does not appear from the record that the commissioner was requested to correct the remark, if it was an improper one.

The first assignment of error is sustained, the decree of the court below is reversed, the inquisition is reinstated and the record remitted for further proceedings, the costs of this appeal to be paid by the appellees.