# Szeits *v.* Chriss, Appellant.

*Actions—Parties—Alien citizens—Alleged disqualification.*

The fact that a plaintiff is not a citizen of the United States does not deprive him of the right to sue in the courts of this Commonwealth or be sued therein.

Where the nature of the plaintiff's citizenship did not appear in the pleadings, and was not introduced in evidence at the trial, and the defendant went to trial upon the merits, and raised no question as to the qualification of the plaintiff to maintain the action, until after the. fact had been determined against him, he cannot afterwards present a question which ought to have been made by a plea in abatement or set up in his answer.

Argued April 29, 1920.   Appeal, No. 90, April T., 1920, by defendant, from judgment of C. P. Allegheny County, January T., 1920, No. 671, dismissing a petition to allow an appeal from the county court in the case of R. A. Szeits v. F. W. Chriss.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Petition to allow an appeal from the judgment of the county court.   Before CARPENTER, J.

The opinion of the Superior Court states the case.

The court dismissed the petition.   Defendant appealed.

*Error assigned* was the order of the court.

*O. H. Rosenbaum,* for appellant.

*Owen Cecil,* for appellee.

PER CURIAM, October 11, 1920:

This action had its origin in the County Court of Allegheny County, where judgment was entered against the defendant, in an action of trespass for negligence. The case having been tried before a judge, without the intervention of a jury, the defendant moved the court for a new trial, alleging two reasons therefor: (1) That the court erred in finding the defendant guilty of negligence, and (2) That "Plaintiff is not a citizen and therefore the action brought by him in the above stated case could not be maintained or proceeded with, an action at law during the duration of the war"; which motion the court

overruled.  The defendant then presented his petition to the court of common pleas for the allowance of an appeal, the only reason therefor being the alleged error of the county court in refusing a new trial.  The court of common pleas granted a rule to show cause why an appeal should not be allowed, which rule it subsequently discharged, and this action is the foundation of all the assignments of error.  The petition which the appellant presented to the court of common pleas clearly disclosed that the testimony, at the trial in the county court, relating to the question of the defendant's negligence, had been conflicting.  The testimony, upon that point, was of such a nature that it cannot be said that the county court was guilty of an abuse of discretion in refusing a new trial, so far as the disposition of the question of fact was concerned.  The second reason alleged for a new trial, viz: that the plaintiff was not a citizen and therefore could not maintain the action during the war, is absolutely without merit.  This question was not raised by the pleadings, nor did it appear in the evidence upon the trial that the plaintiff was not a citizen of the United States.  The defendant went to trial upon the merits and did not raise any question, as to the qualification of the plaintiff to maintain the action, until after the fact had been determined against him.  He then, without alleging that the facts had not all the time been known to him, made a lame attempt to present a question which ought to have been raised by plea in abatement, or set up in his answer.  But he did not even in his motion for a new trial aver anything which disqualified the plaintiff to maintain the action, all that he said was that the plaintiff was not a citizen. It certainly cannot be said that a Frenchman, or Italian, or Irishman could not maintain an action in our courts because we were at war with Germany.

The judgment is affirmed.