## In re Fitzgerald

Before Carr, P. J., Morrow and Cottom, JJ.

*Ray, Coldren & Buck*, for petitioner.

*A. Cavalcante*, for John Purcell Fitzgerald.

CARR, P. J., July 19, 1949.—On July 17, 1948, upon the application of Princess Lida of Thurn and Taxis, a commission under the provisions of the Act of June

13, 1836, P. L. 589, 50 PS §691, et seq., was issued out of this court to inquire into the truth of the allegation that her son, John Purcell Fitzgerald, was an habitual drunkard, of the execution of which commission we directed that he be given 10 days' notice. Thereupon, the commissioner issued his precept to the sheriff requiring him to summon six persons as jurors for an inquisition to be held in the grand jury room of the courthouse at Uniontown on July 29, 1948, at 1:30 p.m., and caused notice of the time and place thereof to be served upon Fitzgerald on July 19, 1948, at 3:45 p.m.

On August 3, 1948, the commissioner and the jurors filed their report and return finding that Fitzgerald was and had been an habitual drunkard for 10 years last past; that he was the beneficiary of a trust fund of $50,000, the income of which amounted to $2,400 a year; that he was incapable of managing his estate, and that he was dissipating and wasting it. Drs. James E. Van Gilder and James Zaidan, two physicians of the highest standing and reputation in this community, testified that he was a chronic alcoholic in urgent need of institutional care and treatment.

Upon the return of the inquisition as aforesaid, we made an order appointing Princess Lida as a committee of the estate and person of her son and directing that she give bond in the amount of $2,500, with sureties to be approved by the court. On the same day we approved her bond.

No traverse of the inquisition was ever filed, but on November 6, 1948, counsel whom Fitzgerald had appointed to represent him presented a motion that the words "and person" be stricken from the order of August 3, 1948, on the ground that the jury made no finding of his inability to manage his person, and that the appointment of Princess Lida be vacated on the ground that she was at the time of her appointment

the subject of a foreign power at war with the United States. On November 30, 1948, it was additionally moved that the order in its entirety be stricken from the record on the ground that 10 days' notice of the holding of the inquisition was not given to Fitzgerald.

The exercise of control over the person as well as the estate of respondent is authorized by section 14 of the Act of June 13, 1836, P. L. 589, 50 PS §731, which expressly provides that "on the return of any inquisition as aforesaid finding that the person therein named is a lunatic or habitual drunkard, it shall be lawful for the court to commit the custody and care of the person or estate, or both, of such lunatic or habitual drunkard, to such person or persons as they shall deem most suitable, according to the rules heretofore practiced and allowed". Thus the finding that respondent is an habitual drunkard is all that the act requires; his incapacity to take care of his person or estate is a conclusion of law. The jury decides only the habit of drunkenness: Ludwick v. Commonwealth, 18 Pa. 172; McGinnis v. Commonwealth, 74 Pa. 245. It would indeed be a manifest contradiction in terms to say that the victim of a habit so destructive of mind and body is able to take care of his person.

Nor is it true that 10 days' notice was not duly given. Although the notice of the inquisition to be held on July 29, 1948, at 1:30 p.m., was not served until 3:45 p.m. on July 19, 1948, the law takes no account of fractions of a day in computing the period of time elapsed; in order to avoid disputes it excludes the whole of the first day of the period and includes the whole of the last: 2 Blackstone Commentaries 141; Duffy v. Ogden, 64 Pa. 240; Act of May 28, 1937, P. L. 1019, section 38, 46 PS §538.

As to the citizenship of Princess Lida the record itself is silent, and therefore the question of her eligibility for appointment to manage the person and estate

of respondent obviously cannot be raised by mere motion: Szeits v. Chriss, 75 Pa. Superior Ct. 159. It is, however, a mistake to assume that a resident alien, or even a nominal enemy alien, permitted to reside here without restraint, may not hold such an appointment. See Act of April 16, 1918, c. 55, 40 Stat. at L. 531, 50 U. S. C. A. §21, and R. S. section 1977, 8 U. S. C. A. §41.

### Order

And now, July 19, 1949, the motion filed by counsel for John Purcell Fitzgerald on November 6, 1948, as amended November 30th, is overruled and dismissed.