## Lockwood et ux. v. Chessman

*R. Winfield Baile* and *George W. Thompson*, for plaintiffs.

*Reilly & Pearce*, for defendant.

ERVIN, P. J., July 9, 1952.—Plaintiffs and defendant entered into a written agreement wherein defendant agreed to furnish the labor and materials for the construction of a residence on plaintiffs' "lot". The suit is for the return of $1,000 paid on the signing of the agreement by plaintiffs to defendant. The agreement could not be performed because the zoning law of the township wherein the "lot" was located prohibited the erection of the residence contemplated because sufficient side yards were not provided. Paragraph 7 of the contract provided that:

"The contractor, at his own expense, shall apply for and obtain the necessary building permit or permits. . . ." The building inspector refused to issue the permit for the reason above stated.

From the evidence it appeared that plaintiffs owned five lots, being nos. 434 to 438, inclusive. The only question for the jury to decide was whether defendant

orally agreed to construct a house on three of the lots nos. 434, 435 and 436, as contended by plaintiffs, or whether the decision of plaintiffs to have the house limited to three lots came, in point of time, after the written agreement had been entered into. The jury decided this issue in favor of plaintiffs, and awarded the plaintiffs a verdict of $800, allowing to defendant the sum of $200 for services rendered in preparation of plans, etc. Defendant's motion for new trial was then filed and is now before the court for disposition. Defendant's motion for new trial raises the single question of whether the court will afford a remedy to a party who seeks to enforce an agreement contrary to law. The question was never raised at the trial and the motion for new trial could be dismissed for that reason alone: Maculuso v. Humboldt Fire Ins. Co. of Pittsburgh, 271 Pa. 489; Szeits v. Chriss, 75 Pa. Superior Ct. 159.

Moreover, defendant's motion must be dismissed because the principle of law cited by defendant does not rule this case. This is not an illegal contract. By its express terms it contemplated the securing of a permit to build the building. If the permit were granted by the township the erection of the building would not violate the zoning ordinance. Even though the structure as planned might not comply with the side yard provision, the township could, by special exception, permit the structure to be built. If the township issued the permit, that result would be accomplished. A fair reading of the contract indicates an intention to build only in the event that a permit could be secured. If this interpretation is correct, it cannot be successfully argued that this is a contract to do an illegal act. If the permit could not be secured, then the contract is incapable of performance and the down money should be returned, less a proper amount to compensate defendant for the services already rendered

in preparation of plans, etc. Furthermore, this is an executory contract and not an executed one. It seems to be generally conceded that wherever recovery will definitely diminish the possibility of performance of illegal bargains, the policy against recognizing illegal bargains will be overbalanced by the policy of preventing the consummation of the specific illegality contemplated. The rule of locus pœnitentiæ should therefore be employed to permit recovery of funds conferred in performance of an illegal agreement only where such an application appears to be more expedient in protecting the public interest than does application of the rule against taking cognizance of illegal transactions in civil suits. See article, "The Mitigating Effect of a Locus Pœnitentiæ in Recovery of Benefits Conferred Under Illegal Contracts," 89 University of Pennsylvania Law Review (March 1941) 660, 670.

If this should be considered an illegal agreement, A. L. I. Restatement of the Law of Contracts §599, is applicable:

"Where the illegality of a bargain is due to (a) facts of which one party is justifiably ignorant and the other party is not, or (b) statutory or executive regulations of a minor character relating to a particular business which are unknown to one party, who is justified in assuming special knowledge by the other party of the requirements of the law, the illegality does not preclude recovery by the ignorant party of compensation for any performance rendered while he is still justifiably ignorant, or for losses incurred or gains prevented by non-performance of the bargain."

The evidence in the case at bar showed that defendant was a builder and had built a number of houses in Haverford Township and, in fact, was actually engaged in building some at the time of this transaction. He, therefore, had peculiar knowledge of the zoning ordinance of the township. Plaintiffs wanted

this property built for them as a home and there is nothing in the evidence to indicate that they had any knowledge of the terms of the zoning ordinance. Illustration no. 4, at page 1114, seems to be particularly applicable to the case at bar:

"A, a builder, enters into a bargain with B to build a house according to certain plans and specifications. The plans and specifications involve some violations of building laws, and cannot be rectified without increased expense. B is not engaged in real estate operations, and is ignorant of the requirements of building laws. A, discovering the violations of the building laws, refuses to build unless the plans and specifications are rectified, and an agreement made by B to pay additional compensation. B can recover damages. He is justified in assuming A's knowledge of the requirements of the building laws."

To the same effect see Corbin on Contracts (1951), vol. 6, sec. 1539, at page 1068:

"It is often said that ignorance or mistake of law is no excuse. This is generally true in prosecutions for crime and in actions for a tortious wrong. One who commits a crime or a tort can seldom escape the consequences that the law prescribes by proving that he did not know the law. But the law does not always prescribe the same penalty or consequences as against one who is ignorant or mistaken as it does against a willful wrongdoer. One who makes a bargain, knowing all the facts but in ignorance of a law that prohibits or penalizes its making or performance, is not necessarily deprived of all remedy against the other party. This is especially true with respect to restitutionary remedies.

"There are many ordinances, local and more or less temporary in operation, by which a bargain not complying with their provisions is affected. Illustrations may be found in building and zoning regulations.

While a performance in breach of such an ordinance will certainly not be enforced and may often be prevented by injunction or by police action, one of the parties may nevertheless be entitled to reparation in case of nonperformance. One of the parties may have actual knowledge of the ordinance, while the other has not; and it may be quite reasonable for the latter to rely upon the former with respect to legal requirements. In no such case will the comparatively innocent party be deprived of rescinding or restitutionary remedies; and he may even have a right to damages for the other party's breach, just as if there had been no illegality.

"Neither party can recover compensation for a performance known by him to be unlawful at the time that he rendered it. Neither one can recover damages for nonperformance by the other if the latter was in fact ignorant of the law and the former was not justified in relying on him as to the legal requirements. Even in such cases, however, restitutionary remedies may be available, if the party seeking them is guilty of no moral obliquity and his performance was not rendered with knowledge of the illegality."

The case of Medoff v. Fisher et al., 257 Pa. 126, cited by defendant, is not in point because in that case the architect, who was the one peculiarly in possession of the knowledge, was suing for services rendered, this being an executed contract so far as he was concerned rather than an executory one. In the present case plaintiffs did not have knowledge and they are suing for the return of money on a contract which was not executed. As pointed out above, there is nothing in the case at bar to indicate that the parties contemplated executing the contract if the building permit could not be obtained. Furthermore, in the Medoff case the act was in violation of an act of assembly which made the act a misdemeanor.

The case of Bedell v. Oliver H. Bair Co., 104 Pa. Superior Ct. 146, is more nearly in point. In that case the Superior Court permitted the recovery of money paid on account of an illegal contract. Defendant was required to return money improperly received on the theory that it would more exactly do justice between the parties on the facts of that case.